UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAQUESHA TURNER,
          Plaintiff,

v.

RED ROBIN INTERNATIONAL, INC.,
          Defendants.

Case No. C17-0322RSL

ORDER GRANTING LEAVE TO AMEND AND REMANDING ACTION

This matter comes before the Court on "Plaintiff's Motion for Leave to Amend Complaint and Motion to Remand." Dkt. # 9. "Once removal has occurred, the district court has two options in dealing with an attempt to join a non-diverse party. 28 U.S.C. § 1447(e) provides that 'if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) (internal alterations omitted). When determining whether to grant leave to amend in these circumstances, courts in the Ninth Circuit consider a number of factors, including:

    1. Whether the party sought to be joined is needed for just adjudication . . . ;[1]

---

[1] This factor generally includes the phrase "and would be joined under Federal Rule of Civil Procedure 19(a)." Joinder under § 1447(e) is less restrictive than joinder under Rule 19(a), however, and the key issues are the significance of the relationship between the causes of action and the new defendant and whether complete relief can be awarded in the absence of the new defendant. IBC Aviation Servs., Inc. v. Campania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp.2d 1008, 1011-12

ORDER GRANTING LEAVE TO AMEND
AND REMANDING ACTION

> 2. Whether the statute of limitations would preclude an original action against the new defendants in state court;
>
> 3. Whether there has been unexplained delay in requesting joinder;
>
> 4. Whether joinder is intended solely to defeat federal jurisdiction;
>
> 5. Whether the claims against the new defendant appear valid; and
>
> 6. Whether denial of joinder will prejudice the plaintiff.

Milton v. Xerox Corp., 2016 WL 641130, at *2 (W.D. Wash. Feb. 18, 2016). Having considered the factors and the relevant case law, the Court grants leave to amend. Defendant has asserted defenses, only some of which have been withdrawn, which seek to avoid liability on the ground that the newly-named defendants are at fault. Allowing plaintiff to pursue her claims against all three potentially-liable parties in a single litigation will improve efficiency and avoid the risk of inconsistent verdicts. The proposed amendment is not fraudulent, it is an appropriate response to defendant's litigation position, and it was timely sought. While plaintiff clearly prefers to litigate this action in state court (if for no other reason than that she may be able to reclaim a right to a jury trial that has been waived in this forum), that preference should not be construed negatively any more than is defendant's preference for federal court. Taylor v. Honeywell Corp., 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010).

Defendant argues that, if leave to amend is granted, the Court should hang onto the case for ninety days to see if plaintiff asserts a federal cause of action. Granting leave to amend will destroy diversity and deprive the Court of jurisdiction. As discussed above, the appropriate course of action in that situation is remand. Defendant offers no authority for the proposition that the Court should ignore governing law and retain jurisdiction when jurisdiction no longer exists. The Court declines the invitation.

//

---

(N. D. Cal. 2000).

For all of the foregoing reasons, plaintiff's motion to amend is GRANTED and this case is hereby remanded to state court for lack of subject matter jurisdiction. If, as defendant fears, plaintiff again amends her complaint to assert a federal cause of action, a second removal may be appropriate. The Clerk of the Court is directed to transmit this matter back to King County Superior Court.

Dated this 5th day of May, 2017.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING LEAVE TO AMEND
AND REMANDING ACTION                -3-